UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JON W. FELT,<br><br>          Plaintiff,<br><br>vs.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>          Defendant. | No. 12-cv-170-JPH<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are cross-motions for summary judgment. ECF Nos. 14 and 17. The parties have consented to proceed before a magistrate judge. ECF No. 6. After reviewing the administrative record and the parties' briefs, the court **grants** defendant's motion for summary judgment, **ECF No. 17**.

**JURISDICTION**

Felt applied for supplemental security income (SSI) benefits on February 24, 2009. He alleged onset as of February 1, 2006 (Tr. 133-39). Benefits were denied initially (Tr. 90-93, 97-100) and on reconsideration (Tr. 94-95, 102-03). ALJ Caroline Siderius held a hearing on August 5, 2010 (Tr. 52-83) and issued an unfavorable decision on August 20, 2010 (Tr. 23-38). The Appeals Council denied review on February 10, 2012 (Tr. 1-5). The matter is now before the Court

ORDER - 1

pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on March 23, 2012. ECF Nos. 1 and 5.

## STATEMENT OF FACTS

The facts have been presented in the administrative hearing transcript, the ALJ's decision and the parties' briefs. They are only briefly summarized as necessary to explain the court's decision.

Felt was 42 years old when he applied for benefits. He has an eighth grade education and did not earn a GED. He has past work but at less than SGA levels (Tr. 25, 55-56, 74, 219). He alleges disability based on depression, personality disorder and borderline intellectual functioning (BIF)(Tr. 155). On appeal Felt alleges the ALJ should have found he is more mentally limited. ECF No. 15 at 9.

## SEQUENTIAL EVALUATION PROCESS

The Social Security Act (the Act) defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423 (d)(1)(A), 1382c(a)(3)(A). The Act also provides that a plaintiff shall be determined to be under a disability only if any impairments are of such severity that a plaintiff is not only unable to do previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423 (d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process or determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so,

benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether plaintiff has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If plaintiff does not have a severe impairment or combination of impairments, the disability claim is denied.

If the impairment is severe, the evaluation proceeds to the third step, which compares plaintiff's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20 C.F.R. §404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, plaintiff is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents plaintiff from performing work which was performed in the past. If a plaintiff is able to perform previous work, that plaintiff is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, plaintiff's residual capacity (RFC) is considered. If plaintiff cannot perform past relevant work, the fifth and final step in the process determines whether plaintiff is able to perform other work in the national economy in view of plaintiff's residual functional capacity, age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon plaintiff to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once plaintiff establishes that a physical or mental impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful

activity and (2) a "significant number of jobs exist in the national economy" which plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

## STANDARD OF REVIEW

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold the Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (*citing* 42 U.S.C. § 405(g). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-02 (9th Cir. 1989). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebreeze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989) (*quoting Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980).

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence

ORDER - 4

and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

## ALJ'S FINDINGS

At step one **A**LJ Siderius found Felt did not work at SGA levels after he applied for benefits on February 12, 2010 (Tr. 25). At steps two and three, she found Felt suffers from history of rare seizures, history of obesity, personality disorder and depression, impairments that are severe but do not meet or medically equal a listed impairment (Tr. 25, 33). The ALJ found Felt less than fully credible (Tr. 36). She found he can perform work at all exertional levels with environmental and mental limitations (Tr. 34). At step four, the ALJ found Felt has no past relevant work (Tr. 37). At step five, relying on a vocational expert's opinion, she found Felt is capable of performing other jobs, such as hand packager, machine packager and auto detailer. The ALJ concluded Felt was not disabled from the application date, February 24, 2009, through date of the decision, August 20, 2010 (Tr. 37-38).

## ISSUES

Felt alleges the ALJ failed to properly weigh the opinions of examining psychologists W. Scott Mabee, Ph.D., and Nathan Henry, Psy.D. ECF No. 15 at 9-15. The Commissioner responds that the ALJ applied the correct legal standards and the decision is supported by substantial evidence. She asks the court to affirm. ECF No. 18 at 6-8.

## DISCUSSION

Felt alleges the ALJ should have given more credit to the opinions of Dr.

ORDER - 5

Mabee, a psychologist who evaluated him on four different occasions, than Dr. Henry, who evaluated him once. ECF No. 15 at 9-15. The Commissioner responds that the ALJ's reasons for failing to credit Dr. Mabee's contradicted opinions are specific, legitimate and supported by substantial evidence. ECF No. 18 at 6-15.

Amy Robinson, MS and Dr. Mabee (hereafter, Dr. Mabee) evaluated Felt July 10, 2007 (Tr. 294-99). Felt was diagnosed with major depressive disorder (recurrent, mild), personality disorder NOS with dependent, antisocial and narcissistic features, rule out malingering and rule out BIF. Cognitively, Felt was able to understand and follow simple directions (Tr. 297).

About three months later, on October 31, 2007, Dr. Mabee evaluated Felt again (Tr. 288-99). Dr. Mabee administered several tests, including the Minnesota Multiphasic Personality Inventory, second edition (MMPI-2). He deemed results "questionably valid," deferred diagnosis on Axis I and diagnosed personality disorder NOS with schizotypal and dependent features. Cognitively, Felt would have a difficult time understanding and following simple verbal and written instructions (Tr. 291). In both 2007 reports Dr. Mabee opined prognosis is poor; Felt has little insight and difficulty relating to others (Tr. 290-93, 363). Dr. Mabee assessed a GAF of 50-55 indicating moderate to serious symptoms or functional difficulty (Tr. 291).

Dr. Mabee evaluated Felt again October 7, 2008 (Tr. 396-405, partially repeated at 442-446). Felt said he started hearing voices and music but it "comes and goes" (Tr. 403). Dr. Mabee opined Felt's ability to follow simple one or two step instructions was mildly impaired. The ability to relate appropriately to co-workers and supervisors is markedly impaired (Tr. 398). He additionally assessed ten moderate impairments and a range of functioning between 55 and 65 (Tr. 397-98, 403).

Dr. Mabee last evaluated Felt September 2, 2009 (Tr. 482-87). He notes Felt

ORDER - 6

was not receiving mental health treatment or medications. Dr. Mabee added the diagnoses of alcohol and cannabis abuse, as well as BIF. He assessed five marked and one severe impairment: the ability to exercise judgment and make decisions (Tr. 482-484). He rated Felt's ability to understand and follow simple one or two step instructions as mildly impaired, which the form defines as causing "no significant interference" (Tr. 484). Dr. Mabee deemed MMPI-2- RF results invalid due to over-reporting, but opined this reflects Felt's view of the severity of his problems rather than a motivation for secondary gain (Tr. 482-85).

The ALJ considered these evaluations, as well as those by David Pounds, Ph.D., and Dr. Henry.

Dr. Pounds evaluated Felt July 11, 2008 and completed his report July 25, 2008 (Tr. 363-68). He reviewed two of Dr. Mabee's reports, those in July and October 2007 (Tr. 363). After testing he opined Felt appeared capable of following simple instructions (Tr. 368).

Dr. Henry performed the most extensive evaluation, a complex psychological evaluation on June 12, 2010 (Tr. 488-507, 509-12). He reviewed all four of Dr. Mabee's reports and Dr. Pounds' (Tr. 488-89). Felt reported he tried to go to mental health but was told he did not meet the criteria (Tr. 488). He was currently involved with six women. He sometimes oversleeps if he has been "working too much." Felt was taking the bus to work at the Goodwill, a temporary job (Tr. 490-91, 493). Dr. Henry opined Felt's description of auditory hallucinations is "more characteristic of individuals who are attempting to feign psychosis" and suggestive of possible malingering for the purpose of secondary gain. Test results were inconsistent with other known information about Felt's cognitive functioning. Dr. Henry opined that "overall there is no reliable evidence to indicate significant cognitive impairment." He opined Felt does not suffer from a severe mental illness or cognitive impairment that might be expected to prevent

ORDER - 7

him from being capable of obtaining and maintaining employment (Tr. 493, 497). He has a mild (defined as slight) limitation in the ability to understand remember simple instructions but can generally function pretty well. The ability to work around others is moderately limited but he is still able to function satisfactorily (Tr. 510-11).

The ALJ rejected Dr. Mabee's assessed marked and moderate limitations because he (Dr. Mabee) repeatedly reports Felt gave inconsistent effort and invalid test results, yet he appears to credit Felt's subjective reports. The ALJ notes Felt's activities of working with neighbors, reporting no problems working at the Goodwill and being involved with multiple girlfriends are inconsistent with assessed dire limitations. The October 2007 report assesses difficulty with even simple instructions, but it is not assessed in any of Dr. Mabee's other reports. The ALJ rejected Dr. Mabee's opinions because the reports are undermined by Felt's activities, internally inconsistent and based at least in part on Felt's unreliable statements (Tr. 37).

*Credibility*

To aid in weighing the conflicting medical evidence, the ALJ evaluated Felt's credibility. Credibility determinations bear on evaluations of medical evidence when an ALJ is presented with conflicting medical opinions or inconsistency between a claimant's subjective complaints and diagnosed condition. *See Webb v. Barnhart*, 433 F.3d 683, 688 (9th Cir. 2005). It is the province of the ALJ to make credibility determinations. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reason for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995).

ORDER - 8

Felt does not challenge the ALJ's negative credibility assessment, making it a verity on appeal. *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n. 2 (9th Cir. 2008). The ALJ notes Felt's activities of performing various types of work are inconsistent with allegedly disabling limitations (Tr. 36). Felt's activities of house cleaning, laundry, taking the bus, using a computer, playing pool at a bar, shopping, going to the park, attending church, gambling and dating are also inconsistent with Felt's allegations (Tr. 289, 483, 485, 491, 493). In addition the ALJ notes Felt (1) gave little effort on testing and results were inconsistent; (2) never participated in mental health treatment; (3) reported symptoms consistent with feigning psychosis and (4) evidence of inconsistency and exaggeration suggested he was motivated by monetary gain (Tr. 36, 290-91, 295-96, 401-02, 488-89, 493). The ALJ's reasons are clear, convincing and supported by the record. *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005)(daily activities and lack of consistent treatment are factors the ALJ may properly consider); *Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002)(proper factors include inconsistencies in claimant's statements and inconsistencies between statements and conduct).

The ALJ may properly reject opinions, such as Dr. Mabee's, that are based on unreliable self-reports. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).

The ALJ is also correct that Dr. Mabee's reports are inconsistent. As noted, Dr. Mabee's assessments of Felt's ability to follow simple and complex instructions vary widely (Tr. 37, 291, 297, 404, 484) . The Commissioner accurately points out that on one subtest Felt got an outstanding score, "which differed from the rest of his testing presentation." This suggests Felt's lower test scores may not accurately reflect his abilities. ECF No. 18 at 10, referring to Tr. 290. Dr. Mabee opined Felt appeared "not to give sufficient effort on cognitive testing," yet in the same evaluation he opined Felt may have more difficulty with

ORDER - 9

complex instructions and would have difficulty functioning in a typical work environment (Tr. 297-98). An ALJ may properly reject any opinion that is brief, conclusory and inadequately supported by clinical findings. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).

The ALJ's reasons for rejecting more dire limitations are specific, legitimate and supported by substantial evidence. Her hypothetical included all of the limitations supported by the evidence. She limited Felt to simple, repetitive 1-3 step tasks, no detailed work, and only occasional contact with the public and coworkers (Tr. 34, 75). This is consistent with the record as a whole. There was no harmful error.

## CONCLUSION

After review the Court finds the ALJ's decision is supported by substantial evidence and free of legal error.

**IT IS ORDERED**:

1. Defendant's motion for summary judgment, **ECF No. 17**, is **granted.**

2. Plaintiff's motion for summary judgment, ECF No. 14, is denied.

The District Executive is directed to file this Order, provide copies to counsel, enter judgment in favor of defendant, and **CLOSE** the file.

DATED this 22nd day of August, 2013.

<u>*s/James P. Hutton*</u>

JAMES P. HUTTON

UNITED STATES MAGISTRATE JUDGE